[No. 7879.  Decided February 27, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Joshua Trickel, Plaintiff*, v. THE SUPERIOR COURT FOR CLALLAM COUNTY, *Respondent.*[1]

MANDAMUS—PLEADING—ANSWER.  Upon application for a writ of mandamus, the defendant may both demur and answer.

APPEARANCE—WHAT CONSTITUTES—FILING DEMAND FOR INTERROGATORIES.  The service by defendant of interrogatories, within twenty days, constitutes an appearance, under a liberal construction of Bal. Code, § 4886, providing that a defendant appears when he answers, demurs, or makes any application for an order, or gives plaintiff written notice of appearance.

Application filed in the supreme court, January 25, 1909, for a writ of mandamus to compel the superior court for Clallam county, Still, J., to enter a judgment of default. Denied.

*A. A. Richardson*, for relator.

*William B. Ritchie*, for respondent.

GOSE, J.—On December 12, 1908, an action was commenced in the superior court of Clallam county, wherein the relator was the plaintiff and one James Gallagher was the defendant, for the recovery of a judgment on a tort.  Due service was made on the defendant on said day, and on December 31 he caused certain interrogatories, regularly entitled in the cause, to be served on the relator, which were filed January 4, 1909.  In the forenoon of the last-named day, the relator filed a motion for a default judgment, and forwarded the same by mail, together with the affidavit of his attorney, and the files in the cause, to the respondent in Island county, his district comprising the counties of Island, Jefferson, and Clallam.  In the afternoon of the same day, the defendant, by his counsel, served and filed a demurrer to the

[1]Reported in 100 Pac. 155.

complaint, and upon the same day advised the respondent by letter of the service and filing of the interrogatories and the demurrer, and requested him to postpone action in the case until the defendant could be heard. On January 14, the relator served upon the respondent an application for a hearing upon his motion for default and upon the cause of action stated in the complaint. Upon the refusal of the court to hear his motion and grant him a default, an alternative writ was sued out of this court, which the relator now seeks to have made permanent, commanding the respondent to hear and determine such motion.

To this writ the respondent has both demurred and answered, which he may do under the rule announced in *State ex rel. Jefferson County v. Hatch*, 36 Wash. 164, 78 Pac. 796. The answer, among other things, recites that it is the opinion of the respondent that the service of the interrogatories within the twenty days constitutes an appearance in the cause, and entitles the defendant in the original cause to notice of all subsequent proceedings, and that the defendant had not been served either with the motion for default or with notice of the application to have the same heard. The relator urges that the defendant was in default, and therefore not entitled to notice of the further proceedings in the case. The only point to be determined is whether the service of the interrogatories upon the relator was an appearance, within the meaning of the statute. The law applicable to these facts will be found in Bal. Code, § 4886 (P. C. § 342), the pertinent part of which is as follows:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings."

Did the service of the interrogatories constitute "written notice of his appearance?" In the solution of this question it becomes germane to inquire the purpose of the statutory pro-

vision. Evidently the object to be accomplished was that the plaintiff might be apprised of the course to be pursued by the defendant, and whether he intended to litigate the case. Our code enjoins upon the courts the duty of giving a liberal interpretation to its provisions. Had the defendant served upon the relator a written instrument which simply stated that he had appeared in the action, no question could have been raised as to its compliance with the statute. The very purpose of the code was to simplify the practice, and this can be best accomplished by looking at the substance, rather than the form, of matters requiring consideration. It, therefore, follows that the service of the interrogatories was a substantial compliance with the statute, and that in legal effect it gave the relator written notice that the defendant had appeared. This construction is not without support in the authorities. In considering the question as to what constitutes an appearance, 3 Cyc., p. 504, par. 5, announces the following rule:

"Any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

The Nevada court, in discussing the question as to whether the statutory methods of appearance are exclusive, in *Curtis v. McCullough*, 3 Nev. 202, 212-13, thus states the rule:

"We cannot believe that the legislature intended to say that a defendant could not appear in an action except by filing an answer, demurrer, or giving written notice to the plaintiff. He certainly can in fact appear. We cannot therefore sanction the doctrine that he cannot appear so as to give the court jurisdiction of his person in any way except as specified in the section above referred to."

In *Baizer v. Lasch*, 28 Wis. 268, page 271, this view received support in the following language:

"The demand for a bill of particulars in the action before the justice was a proceeding to the merits, and a full appearance by Lasch, the defendant."

This construction is further recognized in *Long v. Newhouse*, 57 Ohio St. 348, 369, 49 N. E. 79, in the following language:

"It appears from the record in this case, that before the defendants filed their answer, in which they for the first time, by the first defense, challenged the court's jurisdiction of their persons, they had taken various objections to the plaintiff's petition. On November 2, 1893, by leave of the court first obtained some days before, they filed a motion to compel the plaintiff to attach to his petition an account of the items of his claim. This having been overruled, they afterward, on leave, filed a motion to require the plaintiff to separately state and number his causes of action; and this having been overruled, on February 5, 1894, they filed a motion to require the plaintiff to strike out various averments in his petition, being the motion heretofore noticed. This having been overruled, they sought leave to answer, and, the leave having been given, filed an answer, in the first defense of which they now challenge the court's jurisdiction over their persons. Manifestly, they could not do this after the numerous instances in which they had submitted themselves to its jurisdiction by invoking its judgment on the legal completeness, as well as the sufficiency of the plaintiff's petition."

Relator has called our attention to the case of *Vrooman v. Li Po Tai*, 113 Cal. 302, 45 Pac. 470, as supporting his view. We do not regard it as authority here, as the court expressly states that the "defendant entered into no stipulation in regard to the case," and that he made no appearance. The service of the interrogatories was a recognition on the part of the defendant that the case was in court, and through these interrogatories he sought to have the relator amplify the facts stated in the complaint. The fact that the interrogatories were prematurely served does not affect the question of appearance. Upon both principle and authority the defendant brought himself within the spirit of the statute, and was entitled to notice "of all subsequent proceedings."

For the reasons stated the writ will be denied.

RUDKIN, C. J., CHADWICK, FULLERTON, DUNBAR, CROW, and MOUNT, JJ., concur.