[No. 32793. Department Two. June 10, 1954.]

E. R. TIFFIN *et al., Respondents,* v. ALBERT WESLEY HENDRICKS *et al., Appellants.*[1]

[1] Reported in 271 P. (2d) 683.

*Glenn E. Correa,* for appellants.

*Delbert W. Johnson,* for respondents.

DONWORTH, J.—Defendants appeal from an order dismissing their motion to vacate a default judgment, in the amount of $7,066.16, entered against them for the alleged breach of a contract to construct a house and concrete bulkhead for plaintiffs.

The facts in this case, in so far as we need notice them on this appeal, are undisputed.

Plaintiffs filed the summons and complaint in this action on June 27, 1953, and copies of the summons and complaint were personally served on defendants in Mason county on July 1, 1953. On July 10, 1953, defendants caused a written notice of their appearance in the action to be *served* on

plaintiffs' attorney by attorney Charles R. Lewis of Shelton, but it was *not filed* with the clerk of the superior court until September 3, 1953, which was subsequent to the entry of the default judgment.

On July 15, 1953, plaintiffs' attorney received a letter from the law firm of Greenwood & Shiers, of Port Orchard, enclosing two copies of a written notice of appearance. Plaintiffs' attorney, in compliance with a request made in the letter, acknowledged service of the notice of appearance on one copy thereof and mailed it back to Greenwood & Shiers. The copy of the notice of appearance was not filed with the clerk of the superior court until August 4, 1953, which was subsequent to the entry of the default judgment.

On July 20, 1953, plaintiffs' attorney was orally notified by attorney Lewis that he had withdrawn from the case and no longer represented defendants. No formal notice of his withdrawal has ever been served or filed.

On the same day, plaintiffs' attorney received a letter from the firm of Greenwood & Shiers saying that the firm had withdrawn as attorneys for defendants. On July 22, 1953, however, the attorney for plaintiffs received another letter from the same law firm advising him that the firm again was representing defendants.

On July 27, 1953, Greenwood & Shiers mailed a letter to plaintiffs' attorney, notifying him that the firm had again withdrawn as attorneys for defendants. On the same day, the firm wrote defendants, giving them notice of the withdrawal.

Plaintiffs filed a motion for default on July 31, 1953, supported by their attorney's affidavit setting out the facts stated above and concluding as follows:

"That aside from the letters and copies of notices as herein stated, none of which have been filed with the Court, affiant has received no answer, appearance, demurrer or pleading of any kind and defendants are now in default."

No three-day notice that a motion for an order of default would be made, nor any copy of the motion, was served on defendants or on any attorney in their behalf. On the same

.day (July 31, 1953), the trial court entered an order of default and, after evidence was presented by plaintiffs, signed findings of fact, conclusions of law, and entered a judgment against defendants for the amount prayed for in plaintiffs' complaint.

Defendants contacted their present attorney on August 1, 1953, after receiving the letter from Greenwood & Shiers giving notice of withdrawal, and then learned that a default judgment had been entered against them.

On August 4, 1953, defendants filed a motion for vacation of the judgment, supported by an affidavit by defendant husband stating that defendants had served their two notices of appearance on plaintiffs' attorney and that they had never been served with any motion for default. He further stated facts which he claimed constituted a good and meritorious defense to plaintiffs' action. He further stated that the order of default and default judgment were premature and irregular.

A hearing on defendants' motion to vacate the order of default and the default judgment was held on August 28, 1953, and continued for further hearing on September 3, 1953. At this hearing, after defendants' contention that they had appeared by serving the two notices of appearance was overruled by the court, both parties presented testimony bearing on the issue as to whether defendants had a meritorious defense.

On October 15, 1953, the trial court issued a memorandum opinion in which it held that defendants had never appeared in the action as required by law because no appearance was filed with the clerk of the superior court, and that they had not proven a meritorious defense. Accordingly, it was held that defendants' motion to vacate the default judgment should be denied.

The trial court on October 23, 1953, entered the following findings of fact:

"Defendants made no appearance herein prior to the taking of default and the defendants were in default upon the 31st day of July, 1953. Judgment by default was properly entered.

"The default was due to the neglect of the defendants.

"Defendants have failed to show any substantial evidence of the existence of a good and meritorious defense and the Court hereby finds that none exists.

"Plaintiffs accordingly has shown good cause why the order of default, findings of fact and judgment heretofore entered should not be vacated."

From the resulting order of dismissal, defendants appeal.

Appellants urge these propositions:

(1) That a defendant *appears* in a lawsuit by serving on plaintiffs' attorney through defendants' attorney written notice of appearance, even if the notice of appearance never is filed with the clerk of the superior court.

(2) That the withdrawal from the case of an attorney who has served a written notice of appearance for a defendant does not operate to withdraw the appearance.

(3) That a default judgment entered against a defendant who has appeared in a case in this manner is tantamount to a void judgment if the defendant is not in default and if no notice has been given the defendant as required by RCW 4.28.210.

(4) That a defendant against whom a judgment has been entered by default under the circumstances described above may have it vacated as a matter of right, without alleging or proving a meritorious defense.

Respondents, on the other hand, assert:

(1) That a defendant does not appear until his attorney *serves* on plaintiff's attorney *and files* with the clerk of the superior court a written notice of appearance.

(2) That the withdrawal of an attorney who has served a written notice of appearance on behalf of a defendant effects a withdrawal of the appearance of his client.

(3) That, even if defendants did appear in this action, prior to the entry of the order of default, the entry of the default judgment against them would be a mere irregularity.

(4) That a judgment irregularly entered may be vacated only by alleging and proving a meritorious defense, and then only if the trial court in its discretion believes the judgment should be vacated.

We shall now consider these conflicting legal propositions in so far as necessary to a decision in this case.

The statute which defines an appearance in a civil action is RCW 4.28.210, which provides:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, *or gives the plaintiff written notice of his appearance.* After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. . . ." (Italics ours.)

We have held in several cases that service of interrogatories, a demurrer, or a written notice of appearance constitutes an appearance, even if the interrogatories, demurrer, or written notice of appearance are not filed. *State ex rel. Trickel v. Superior Court,* 52 Wash. 13, 100 Pac. 155; *Jesseph v. Carroll,* 126 Wash. 661, 219 Pac. 429; *Hofto v. National Cas. Co.,* 135 Wash. 313, 237 Pac. 726.

Respondents contend that the foregoing cases no longer are the law since the adoption of subparagraph (2) of Rule 1 of the General Rules of the Superior Courts, 34A Wn. (2d) 110, which says:

"Pleadings in all cases must be filed on or before the time fixed by the notice of the adverse party for the hearing of any motion or demurrer addressed thereto. *The party whose pleading is not filed within such time may be adjudged in default.*" (Italics ours.)

Respondents' contention is wrong for two reasons: First, the foregoing rule was adopted July 26, 1910, effective November 1, 1910, before *Jesseph v. Carroll, supra,* and *Hofto v. National Cas. Co., supra*, were decided, and was carried forward into 34A Wn. (2d) unchanged. Second, the rule applies only to *pleadings,* and a written notice of appearance is not a pleading in the technical sense in which the word is used in the above quoted rule.

Black's Law Dictionary (4th ed.) 1312, defines "pleadings" thus:

"The formal allegations by the parties of their respective claims and defenses, for the judgment of the court.

"The term 'pleadings' has a technical and well-defined meaning. Pleadings are written allegations of what is affirmed on one side, or denied on the other, disclosing to the court or jury having to try the cause the real matter in dispute between the parties."

Measured by the foregoing definition, it is plain that a notice of appearance is not a "pleading." The "pleadings" which subparagraph (2) of Rule 1, *supra,* requires to be filed to avoid a default are *written allegations of claims or defenses* to which an opposing party may address some motion, demurrer or denial. A notice of appearance asserts no claim or defense and is not a "pleading" within the meaning of the rule referred to.

Since neither of the written notices of appearance served on respondents in appellants' behalf needed to be filed with the clerk of court in order to constitute an appearance, appellants appeared in this action before respondents moved for an order of default.

The next question is whether the oral withdrawal by appellants' first attorney and the written withdrawal of their second attorneys withdrew appellants' appearance.

When an attorney makes a formal appearance for a defendant, it is the *defendant* who appears, and not the attorney. In *State ex rel. Trickel v. Superior Court, supra,* in considering what action on the part of a defendant constitutes an appearance, after quoting what now is RCW 4.28.210, *supra,* we said:

"Did the service of the interrogatories constitute 'written notice of his appearance?' In the solution of this question it becomes germane to inquire the purpose of the statutory provision. Evidently the object to be accomplished was that the plaintiff might be apprised of the course to be pursued by the defendant, and whether he intended to litigate the case. Our code enjoins upon the courts the duty of giving a liberal interpretation to its provisions. *Had the defendant served upon the relator a written instrument which simply stated that he had appeared in the action, no question could have been raised as to its compliance with the statute.* The very purpose of the code was to simplify the practice, and this can be best accomplished by looking at the substance, rather than the form, of matters requiring consideration. It,

therefore, follows that the service of the interrogatories was a substantial compliance with the statute, and that in legal effect it gave the relator written notice that the defendant had appeared. This construction is not without support in the authorities. In considering the question as to what constitutes an appearance, 3 Cyc., p. 504, par. 5, announces the following rule:

" 'Any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance.' " (Italics ours.)

The service of a written notice of the defendants' appearance on the plaintiffs' attorney certainly is a compliance with RCW 4.28.210 and constitutes an appearance which entitled the defendants to notice of all subsequent proceedings in the cause.

We, therefore, hold that appellants did appear in this case before default was taken against them and that their appearances were not withdrawn by the withdrawal of their counsel. *Harris v. Juenger*, 367 Ill. 478, 11 N.E. (2d) 929.

It follows that the trial court erred in ruling that appellants had made no appearance in the action prior to the taking of default against them and in finding that the default judgment was properly entered. This conclusion eliminates the necessity of finding whether the default was entered due to the neglect of appellants. Since appellants appeared prior to the making of respondents' motion for an order of default, the court had no authority to grant the motion in the absence of service of a three-day notice to appellants of such proposed action (as required by Rule 3, General Rules of the Superior Courts, 34A Wn. (2d) 110) and service of the motion for default upon them (as required by Rule 4, General Rules of the Superior Courts, 34A Wn. (2d) 111).

The remaining question is whether it is incumbent upon appellants to prove a meritorious defense in order to be entitled to have the default judgment entered against them vacated.

We examined the foregoing question in a similar, though not identical, situation in *Batchelor v. Palmer*, 129 Wash. 150, 224 Pac. 685. In that case, the plaintiff had a default judg-

ment entered against defendant one day before the time expired in which defendant could appear in the action. We held that the defendant could have the judgment set aside as a matter of right, without filing an affidavit of merits.

In *Batchelor v. Palmer, supra,* the court, in a unanimous *En Banc* opinion, said:

"The remaining question is whether the appellants were entitled to a vacation of the order and judgment without the showing of a meritorious defense to the action. Reasoning from the provisions of the practice act, it would seem that the question would hardly admit of any other than an affirmative answer. By the terms of the act, a defendant in an action has a full twenty days after the service of summons upon him in which to appear therein before it can be legally claimed that he is in default. (See Rem. Comp. Stat., § 220 *et seq.*) [P. C. 8432 *et seq.*]; also, (Ib., § 411 [P. C. § 8109]. He may appear in any one of several ways; that is to say, he may answer, demur, make an application for an order therein, or give the plaintiff written notice, after which time he is entitled to notice of all subsequent proceedings. (Ib., § 241) [P. C. § 8451]. This being his absolute right, it would seem to follow that he can do so without let or hindrance. Neither the plaintiff nor the court are granted power to annex conditions thereto, and any action on the part of either which has the effect of so doing must necessarily be a deprivation of the right, and hence erroneous. When, therefore, the plaintiff takes a judgment against a defendant before the time has expired in which the defendant has the right to appear, whether by intent or by inadvertence, it is a wrong against the defendant. It is also the wrong of the plaintiff, and it is a maxim of the law, as old as the law itself, that no one may reap an advantage by his own wrong, and to permit a plaintiff to deprive a defendant of his right freely to appear by a premature entry of a judgment, would be to permit him to reap an advantage by his own wrong.

"Again, to say that the premature entry of a judgment deprives the defendant of his right to appear without the permission of the trial court, is to say that he may be deprived of others of the rights granted him by the statute. Whether the trial court will vacate a judgment when regularly entered is largely a matter within its discretion. It is within its powers to fix the terms upon which such a judgment will be vacated. If, therefore, a premature judgment is to be put in the class of regularly entered judgments, it is

plain that the defendant may be deprived of his right to test the legal sufficiency of the complaint, the right to have the complaint made more definite and certain, to have a bill of particulars, or to submit interrogatories to the plaintiff on matters material to his defense—all of which are his absolute rights, regardless of the will of the court, when he appears within the statutory time.

"The case of *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123, is direct authority for the rule which we here announce. In that case a judgment had been entered against the defendant before his time for pleading to the complaint had expired under a rule of the court. The defendant moved to vacate the judgment. The trial court denied the motion because the defendant made no showing of a meritorious defense. On appeal this court reversed the judgment, using this language:

" 'The court refused to grant the motion, on the ground that no affidavit of merits was made by the appellants; and it is contended by the respondent that such an affidavit is necessary in all cases. But we are of the opinion that an affidavit of merits is only required where a judgment of default is regularly obtained, and it is attempted to be set aside on the ground of inadvertence, etc. In this instance the default was prematurely entered before the time to plead had expired, and the appellants were entitled to have it set aside as a matter of right, without furnishing an affidavit of merits.'

"But it is argued that this case is inconsistent with, and is in effect overruled by, our subsequent cases holding that a judgment prematurely entered was not void but only voidable. We cannot, however, accept the argument as well founded. The cited cases are either cases in which the defendant did not appear within the time he was required so to appear, or cases in which he defaulted after his appearance, and was thus himself in the wrong. To hold in such instances that he must, in order to vacate the judgment, show a meritorious defense is not inconsistent with or contradictory of a holding that he need not make such a showing, where he has at all times acted within his statutory rights and the judgment sought to be vacated is the result of the wrong of the other party. There has always been, and must ever be, a distinction between the rights of a party in instances where he seeks relief from a judgment entered against him because of his own fault and in instances where the judgment is entered without his fault. In the one his

right to relief is a matter of grace, in the other it is a right the law itself accords him."

Respondents rely on four cases which they say establish the rule that appellants must show a meritorious defense before being entitled to have the judgment vacated. The cases cited by respondents are *Leavitt v. De Young,* 43 Wn. (2d) 701, 263 P. (2d) 592; *Lasell v. Beck,* 34 Wn. (2d) 211, 208 P. (2d) 139; *Yeck v. Department of Labor & Industries,* 27 Wn. (2d) 92, 176 P. (2d) 359, and *Jacobsen v. Defiance Lbr. Co.,* 142 Wash. 642, 253 Pac. 1088. In all of these cases the defendants actually were in default when the judgment was taken. They do not apply in a situation like the one at bar where appellants were not in default when a default judgment was entered.

█ It is true that where a trial court has authority to enter a default judgment, it is discretionary with the court whether to set such a judgment aside. In such a case, the defendant must show that he has a meritorious defense to the action before the default judgment will be set aside. But where the court has no authority to enter a default judgment because the defendant is not in default, the court has no discretion to exercise on the question of whether the judgment should be set aside. In the latter instance, the defendant may have such a default judgment set aside as a matter of right and no showing of a meritorious defense is necessary.

Since the trial court had no authority in the case at bar to enter the default judgment, we do not find it necessary to review the testimony and exhibits introduced at the hearing on the issue of whether the appellants had a meritorious defense.

The judgment is reversed, and the cause remanded with instructions to vacate the order of default and the findings, conclusions, and judgment entered herein.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.