[No. 34551.   Department One.   September 18, 1958.]

NORA H. ROHR, *Respondent*, v. CECIL R. BAKER *et al.*,
*Appellants.*[1]

*Frederick B. Cohen, John E. Bowen,* and *John Sterbick,*
for appellants.

*Hyndman & Hyndman* and *Monroe Stephens,* for re-
spondent.

PER CURIAM.—This is an appeal from an order dismissing
a petition to vacate a default judgment in an unlawful de-
tainer action.

The summons in such actions must be returnable not less
than six nor more than twelve days from date of service.
RCW 59.12.070. The original summons showed that it was
served upon the appellants Baker and wife on May 18,
1957, and required their appearance before May 23, 1957,
one day short of the minimum required by statute.   An

[1] Reported in 329 P. (2d) 848.

alias summons was served on the same day requiring appearance by May 24, 1957. On May 22, 1957, four days following the service of the alias summons, a notice of appearance was served by counsel for the defendants, Messrs. Dodd and Russell. On Saturday, May 25, 1957, plaintiff's attorney attempted service of a motion for default. The affidavit of such attempted service by the attorney for the plaintiff states the office of the defendants' attorneys of record was closed but that he pushed the motion for default through the mail slot in the office of defendants' attorneys on Saturday, May 25, 1957 between four and five o'clock p. m. The affidavit is as follows:

"MONROE STEPHENS being duly sworn, says he, between the hours of 4 and 5 o'clock on May 25th, 1957 in the afternoon of that day served a copy of two papers, one being that headed 'AFFIDAVIT and MOTION FOR DEFAULT' and the other headed 'NOTICE' in this case by depositing the same in the office of Dodd & Russell, at room number 312 in 1411 Fourth Avenue Building in Seattle there being no one present to receive them, these papers were pushed through a mail slot in that door."

■ This was no service at all. The statute governing the matter is RCW 4.28.240, which, so far as material, is as follows:

"The services may be personal or by delivery to the party or attorney on whom service is required to be made, or it may be as follows:

"(1) If upon an attorney, it may be made during his absence from his office by leaving the papers with his clerk therein, or with a person having charge thereof; or, when there is no person in the office, by leaving it between the hours of six in the morning and nine in the evening in a conspicuous place in the office; or, if it is not open to admit of such service, then by leaving it at the attorney's residence with some person of suitable age and discretion."

■ There having been an appearance, the order of default was improvidently entered. That matter is governed by Rule of the Superior Court 4, 34A Wn. (2d) 111:

"A party may respond to any pleading at any time before a default is claimed. A default shall be deemed claimed whenever a motion therefor is filed, accompanied with the

affidavit of the party or his attorney, claiming such default, that no appearance has been made in the action; but will not be granted against a party who has appeared in the action by attorney, until the motion has been served."

The arguments, both oral and in the briefs, have taken a wide range, but we find it unnecessary to decide any of the other points because the order of default was improvidently entered without legal basis, and, consequently, the court erred in dismissing the appellants' petition to vacate the judgment entered upon the default.

It is but fair to state that Messrs. Hyndman and Hyndman were not counsel for the respondent at the time the motion for default was made or at any time prior to the institution of the proceeding to vacate the default judgment.

November 14, 1958. Petition for rehearing denied.