21 P.3d 1174 (2001)
Pamela R. BATTERMAN, Appellant,
v.
RED LION HOTELS, INC., Respondent.
No. 46112-5-I.
Court of Appeals of Washington, Division 1.
April 30, 2001.
Reconsideration Denied June 20, 2001.
*1175 Diego P. Gavilanes, Everett, for Appellant.
Randall C. Johnson, Jr., Badgley-Mullins Law Group, Seattle, for Respondent.
BECKER, A.C.J.
Appellant Pamela Batterman, a personal injury plaintiff, obtained a default judgment against defendant Red Lion Hotels when Red Lion did not file an appearance or answer in response to her complaint. Batterman appeals from an order vacating the default judgment. We affirm. At the time Batterman served her complaint, she had ongoing communications with Red Lion's agent about her intention to submit a settlement demand and records supporting her *1176 damage claim. The trial court was within its discretion to conclude these communications constituted an informal appearance sufficient to require Batterman to notify Red Lion of her motion for an order of default.
In the Spring of 1996, Pamela Batterman was attending a conference at the Red Lion Hotel in Sea-Tac, Washington. A ballroom ceiling tile came loose and fell, striking her on the head. Carl Warren & Company handled Batterman's personal injury claim on behalf of Red Lion. A claims administrator for Carl Warren, Chessa Gill, was assigned to the claim in the Spring of 1998.
In November of 1998, Gill received a letter from a legal assistant informing Gill that his law firm was still representing Batterman and that he would be handling her claim. His letter stated that he was in the process of collecting documentation for the purpose of submitting a settlement demand "as soon as possible." In February, Gill contacted the law firm to ask for the promised records and to remind counsel that the statute of limitations deadline was approaching.
On May 3, 1999, just before the expiration of the statute of limitations, Batterman filed suit. Gill wrote to Batterman's attorney on May 6, 1999, noting that the statute of limitations had expired and asking if Batterman had protected her claim. In response, the legal assistant sent Gill a courtesy copy of the complaint. His letter also informed Gill that she should expect to receive Batterman's settlement demand package "in the next three weeks" and stated: "we would like to settle this claim without the necessity of further litigation."
Batterman formally served Red Lion by delivering a summons and complaint to Red Lion's registered agent, CT Corporation, on May 13, 1999. Over the next few months, Gill contacted Batterman's attorney several times, by telephone and letter, to request the settlement demand package. When she called on September 22, the legal assistant promised to have the medical records out within one week.
Meanwhile, Batterman's attorney, who was still in the process of preparing a settlement demand letter, realized that Red Lion had not formally appeared in the action or answered the complaint. Batterman moved for and obtained an order of default on September 22, 1999. She did not notify Red Lion or Gill either formally or informally that she was seeking an order of default. Nor did she inform the court of her numerous contacts with Red Lion's agent.
The parent company of Red Lion notified Gill on October 22, 1999, that service of process had been accomplished. The record contains no explanation for the delay of approximately five months between service of process on Red Lion's registered agent in May and Gill's receipt of notice of that event in October. In November, still unaware of the order of default, Gill retained counsel to defend Red Lion.
Upon reviewing the file in the courthouse just before Thanksgiving, counsel for Red Lion discovered the order of default. The following week, the law firm representing Red Lion was closed for several days due to the turmoil surrounding the Seattle meeting of the World Trade Organization. Counsel filed a notice of appearance on Thursday, December 2.
As it happened, Batterman had gone to court the day before, December 1, 1999, where she obtained a default judgment against Red Lion for approximately $270,000 in damages. Attached to the motion for default judgment were some 40 pages of documents pertaining to Batterman's damages.
Red Lion moved to set aside the order of default and then, having learned that a default judgment had been entered, moved to set that aside also. On January 12, 2000, the trial court granted Red Lion's motions to set aside the order of default and vacate the judgment. In its order, the court acknowledged Red Lion's negligence in failing to respond to the complaint. The court nevertheless concluded that because Red Lion had contacted the plaintiff's attorney and was involved in a course of discussions regarding settlement, there was an "informal appearance sufficient to entitle defendant to notice of a motion for default." Batterman appeals.
*1177 The decision to set aside an order of default or judgment by default rests within the discretion of the trial court. Civil Rule 55(c)(1) (entry of default); Northwest Administrators, Inc. v. Roundy, 42 Wash. App. 771, 774, 713 P.2d 1127 (1986) (default judgment). This court will not disturb the trial court's decision unless it was manifestly unreasonable, based on untenable grounds or untenable reasons. Hwang v. McMahill, 103 Wash.App. 945, 949-50, 15 P.3d 172 (2000). An order denying a motion to set aside default is more readily found to be an abuse of discretion than an order granting the motion and permitting trial on the merits to ensue. White v. Holm, 73 Wash.2d 348, 351-352, 438 P.2d 581 (1968).
Civil Rule 55 provides that a court cannot enter a default judgment against a party who has "appeared in the action" without notice to that party. CR 55(a)(3); Rohr v. Baker, 53 Wash.2d 6, 7-8, 329 P.2d 848 (1958); In re Marriage of Daley, 77 Wash. App. 29, 31, 888 P.2d 1194 (1994); Shreve v. Chamberlin, 66 Wash.App. 728, 731, 832 P.2d 1355 (1992), review denied, 120 Wash.2d 1029, 847 P.2d 481 (1993). If a court does so, it acts without authority, and the defaulted party is entitled as a matter of right to have the judgment set aside. Shreve, 66 Wash. App. at 731, 832 P.2d 1355; Tiffin v. Hendricks, 44 Wash.2d 837, 847, 271 P.2d 683 (1954). Thus, if Red Lion appeared in this action, then Red Lion was entitled as a matter of right to have the order of default set aside and the default judgment vacated. The question presented in this appeal, however, is whether the trial court erred in its determination that Red Lion had "appeared in the action." We will review this ruling for abuse of discretion.
Ordinarily, a party "appears" in an action when it "answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance." RCW 4.28.210. But the methods set forth in RCW 4.28.210 for appearing in an action are not exclusive, and informal acts may also constitute an appearance. Skilcraft Fiberglass, Inc. v. Boeing Co., 72 Wash.App. 40, 45, 863 P.2d 573 (1993). Whether a party has appeared is generally a "question `of intention, as evidenced by acts or conduct, such as the indication of a purpose to defend or a request for affirmative action from the court, constituting a submission to the court's jurisdiction.'" Gage v. Boeing Co., 55 Wash.App. 157, 161, 776 P.2d 991, review denied, 113 Wash.2d 1028, 784 P.2d 530 (1989) (quoting Annotation, What Amounts to "Appearance" Under Statute or Rule Requiring Notice, to Party Who Has "Appeared," of Intention To Take Default Judgment, 73 A.L.R.3d 1250, 1254 (1976)). CR 55 was "intended to protect those parties who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." Gage, 55 Wash.App. at 161, 776 P.2d 991 (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970)).
Our courts have recognized various informal acts as constituting an appearance. For instance, Washington courts have recognized appearances where the defaulting party personally appeared in open court, even when no writing was filed, Dlouhy v. Dlouhy, 55 Wash.2d 718, 724, 349 P.2d 1073 (1960); served a demand for security for costs on the opposing party, Warnock v. Seattle Times Co., 48 Wash.2d 450, 452, 294 P.2d 646 (1956); served a notice of appearance on the opposing party but not on the court, Tiffin, 44 Wash.2d at 843, 271 P.2d 683; and served interrogatories on the opposing party, State ex rel. Trickel v. Superior Court, 52 Wash. 13, 15, 100 P. 155 (1909).
Numerous other jurisdictions have held that communications between parties or their attorneys concerning settlement of the claim are enough to trigger the requirement of notice. See, e.g., Muniz v. Vidal, 739 F.2d 699, 701 (1st Cir.1984) (settlement negotiations sufficient for appearance under the rule); CSB Corp. v. Cadillac Creative Advertising, Inc., 136 F.R.D. 34, 35 (D.R.I.1990) (settlement discussions constitute appearance); H.F. Livermore, 432 F.2d at 692 (negotiations between parties sufficient to constitute an appearance); Gazin v. Hoy, 102 Nev. 621, 730 P.2d 436, 438 (1986) (negotiations constitute appearance); Gulf Maintenance *1178 & Supply, Inc. v. Barnett Bank, 543 So.2d 813, 817 (Fla. 1st DCA 1989) (recognizing appearance in letter sent to plaintiff's counsel confirming that defendant planned to defend and desired to discuss settlement); Ragnone v. Wirsing, 141 Mich.App. 263, 367 N.W.2d 369, 370 (1985).
Those courts that have been unwilling to find an appearance in such situations have generally explained that a party's action must be directed at the court in order to qualify as an appearance. See, e.g., Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 230 (7th Cir.1991) (some submission or presentation to the court in the pending action required); Rose & Nelson v. Frank, 25 Kan.App.2d 22, 956 P.2d 729, 732 (1998) (informal communications among parties and counsel cannot constitute appearance; requiring contact with the court a better rule because it avoids misunderstandings); Howard v. Frondell, 387 N.W.2d 205, 208-09 (Minn.App.1986) (strict enforcement of rule that a party appears when it serves or files any paper in the proceeding).
In this vein, Batterman argues that informal acts are sufficient to constitute an appearance only if the acts acknowledge the lawsuit. But Washington courts do not necessarily require a party to have contact with the court in order to appear. Instead of considering whether the informal acts specifically respond to the complaint or were directed towards the court, our courts have focused on whether the acts were sufficient to demonstrate an intent to defend. See Tiffin, 44 Wash.2d at 843, 271 P.2d 683, citing Trickel, 52 Wash. at 15, 100 P. 155. Our courts broadly construe the concept of appearance to accomplish its object, which is to apprise the plaintiff of the course the defendant intends to pursue, and whether the defendant intends to litigate the case. See Gage, 55 Wash.App. at 161, 776 P.2d 991 (appearance requirements to be broadly construed). Default judgments are normally viewed as proper only when the adversary process has been halted because of an essentially unresponsive party. Gage, 55 Wash. App. at 160-61, 776 P.2d 991.
In Gage, the court reviewed an order vacating default judgments obtained against Boeing by Gage, an industrial injury claimant. Boeing prevailed at the Board of Industrial Insurance Appeals. Gage then appealed to superior court, and obtained default judgments when Boeing failed to appear formally. The judgments were vacated on the basis that Boeing had "appeared" through its long-standing defense against the claims at the administrative level. Gage argued that Boeing had not appeared in the "action" because it had not specifically responded to the filings in superior court. The court rejected this narrow construction of "action". Such an approach, the court concluded, "would elevate form over substance." Gage, 55 Wash. App. at 162, 776 P.2d 991. Given Boeing's prior involvement in the Gage's claim, the court held that Gage could have "entertained no illusions" about Boeing's intentions to defend against the claims. Gage, 55 Wash.App. at 162, 776 P.2d 991. Although Boeing's acts constituting an appearance involved its participation in an administrative, litigation-like process, the court did not restrict its holding to such situations. The court explained that it did not need to "explore the outer boundaries of conduct that might constitute an appearance for purposes of CR 55." Gage, 55 Wash.App. at 162, 776 P.2d 991.
Also instructive is Skilcraft Fiberglass v. Boeing, in which a supplier of a contractor obtained a default judgment on a lien against Boeing's property where the construction project had taken place. The court concluded that in light of the contractor's attempts to release the lien, it was not reasonable for the supplier to assume that Boeing did not intend to contest the lien foreclosure, and the supplier should have notified Boeing of the motion for default, either directly or through the contractor. Skilcraft, 72 Wash.App. at 46, 863 P.2d 573.
Like the plaintiffs in Gage and Skilcraft, Batterman should have entertained no illusions about Red Lion's intention to defend the lawsuit. Red Lion's agent devoted more than a year to attempting to obtain documentation of Batterman's claim for the purpose of negotiating a settlement. A defendant who is interested in reviewing records for the *1179 purpose of ascertaining the value of a claim is not an essentially unresponsive party and cannot be assumed to have abandoned the possibility of defense.
Batterman also contends the acts signifying an intention to defend must be those of the actual defendant. But as Skilcraft illustrates, the acts may be those of an agent. The contractor's attempt on behalf of Boeing to obtain a release of the lien was held sufficient to require the plaintiff to notify Boeing of the motion for default. We similarly hold that the acts of Gill, Red Lion's agent, were sufficient to constitute an informal appearance on behalf of Red Lion.
Given the mandate to construe "appearance" broadly because of the preference for deciding cases on the merits, and also in light of our caselaw recognizing an informal appearance through interaction with the plaintiff, evidencing an intention to defend, the trial court had a tenable basis for concluding that Red Lion informally appeared through the course of discussions between Red Lion's agent and Batterman. As in Skilcraft, we do not need to determine exactly how Batterman should have notified Red Lion of the motion for default. It is undisputed that Batterman did not notify Red Lion of the motion for default either formally or informally, directly or indirectly. Because Batterman provided no notice at all despite Red Lion's informal appearance, the default judgment was unauthorized and had to be vacated.
Affirmed.
APPELWICK and ELLINGTON, JJ., concur.