NELSON, Associate Justice.
This is an appeal from a default judgment arising from an adjudication hearing at which the appellants did not appear at the scheduled time for the hearing. They were, however, represented by spokespersons who were present. We vacate the default judgment and remand for a new adjudication hearing.
PROCEDURAL HISTORY
Marcos Rosas and Kammie Stanger are the parents of two minor children, to wit: T.M. and Z.R. The children were taken *213 into protective custody by Children and Family Services of the Colville Confederated Tribes (hereinafter CFS) on December 2, 2011. On December 9, 2011, the tribal court entered an Order from temporary custody hearing giving the care and custody of the children to CFS.
An adjudicatory hearing was scheduled for February 5, 2012. The appellants informed their respective spokespersons that they were on their way to the hearing, but may arrive late. The appellants had not arrived at 9:00 a.m. when the hearing was scheduled to begin. Their respective spokespersons were present. The court granted a ten minute recess and when the appellants had not arrived by 9:25 a.m., the presenting officer moved the court to find them in default and to grant the Petition for Minors in Need of Care. The court found the parents to be in default and adjourned.
The appellants arrived for the adjudicatory hearing “within minutes” after the court had adjourned. They notified the court of their presence, but were informed that the hearing had ended. Subsequently, and without a hearing, the trial court judge entered an Order from Adjudicatory Hearing on March 14, 2012. It included a “Findings and Conclusions” and adjudicated the children as minors in need of care. The Findings and Conclusions stated the parents were in default and that their spokespersons objected to the entry of default on the grounds that they were prepared to proceed in the absence of the parents. The trial court found it in the best interests of the children to remain in the care and custody of CFS “based on the record and applicable law”.
!The appellants moved to set aside the default on the grounds that entry of the | default under the circumstances “was not I appropriate”. The motion to set aside the ¾ default was denied by the trial court on various grounds. E.g. The parents failed to show good cause to set aside the default and the parents needed to personally appear.
The parents filed this as an interlocutory appeal. This is not an interlocutory matter because an adjudication that a child is a minor in need of care is a final order for purposes of appeal. CTC 5-2-261. Accordingly, this matter shall be considered as an appeal from a final order.
STANDARD OF REVIEW
We review findings of fact under the clearly erroneous standard and errors of law de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995); Wiley, et al. v. Colville Confederated Tribes, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995); Palmer v. Millard, et al., 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996). The issues presented are issues of law and we will review under the de novo standard.
ISSUES
1. Whether the trial court erred when it declared the parents in default when their spokespersons were present and ready to proceed with the adjudicatory hearing.
2. Whether the adjudication of the children as minors in need of care was in error as it was not based upon evidence at an adjudicatory hearing but upon filings and testimony given at a hearing for temporary custody.
3. Whether the Findings and Conclusions were sufficient for the trial court judge to declare by clear, cogent, and convincing evidence that the children were minors in need of care.
*214 DISCUSSION

1. Whether the trial court erred when it entered, a default judgment against the parents when their spokespersons were present and ready to proceed.

On February 5, 2011, the parents did not appear at the time set for an adjudicatory hearing. The trial court found the parents in default even though the spokespersons for the parents were present and ready to proceed. The presenting officer moved for an order of default because the parents were not physically present. He justified the motion by stating he wanted to question the parents and their absence justified finding them in default.
The parents’s spokesperson objected by stating that the parents have a right not to testify should they choose, thus the grounds put forward by the presenting officer were without merit. The spokespersons also objected on the grounds that the parents were represented by spokespersons who were present and “stood in the shoes” of the parents; that they were the agents for the parents; and that they were prepared to proceed on their behalf. In other words, the parents were not required to be present for the hearing to proceed.
It is black letter law that an attorney speaks for his client in court in the client’s presence and in his absence. In a matter that considered whether an attorney actually made an appearance for his client, a Washington State case noted that when an attorney makes a formal appearance for a defendant, it is the defendant who appears, and not the attorney. State ex re. Trickel v. Superior Court, 52 Wash. 13, 100 P. 155 (1909). This holds equally true for an attorney present in court when his client is not.
On April 14, 2012, the trial court signed an Order from Adjudicatory Hearing which was, in essence, a default judgment against the parents which found their two children to be minors in need of care.
A default judgment is one of the most drastic actions a court may take. Widicus v. Southwestern Elec. Coop., Inc. 26 Ill.App.2d 102, 167 N.E.2d 799 (1960). They are not favored in law and “it is the policy of the law that controversies be determined on the merits rather than by default.”. Dlouhy v. Dlouhy, 55 Wash.2d 718, 721, 349 P.2d 1073 (1960). The primary test in determining whether a default should be entered is whether justice is being done. “Justice will not be done if hurried defaults are allowed anymore than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule.” Widicus, supra at 109, 167 N.E.2d 799. Entry of default judgment granting custody of the parties’ minor child to Mr. Friedlander was an error of law and an abuse of discretion. Clark v. Friedlander, 4 CCAR 55, 2 CTCR 47, 25 ILR 6154, — Am. Tribal Law-(1998).
The trial court erred in declaring the parents in default for failing to appear when their spokespersons were physically present and ready to proceed. The trial court also erred by entering a default judgment (adjudication) without a hearing on the merits of the action. It is just and proper in this matter that an adjudicatory hearing be held.

2. Whether the adjudication of the children as minors in need of care was in error as it was not based upon evidence at an adjudicatory hearing but upon filings and testimony given at a hearing for temporary custody.

When the Tribe files a Petition to Adjudicate Minors in Need of Care it is *215 required to show by clear, cogent, and convincing evidence at an adjudicatory hearing that the children are minors in need of care. CTC 5-2-261 [1] Clear and convincing evidence is such that the “proponent’s assertion is highly probable” and is such as to cause the court to be convinced “without hesitation.” In Re the Welfare of R.S.P.V., 4 CCAR 68, 3 CTCR 07, 26 ILR 6039, — Am. Tribal Law-(1998), citing Hoffman v. CCT, 4 CCAR 04, 2 CTCR 37, 22 ILR 6127, 24 ILR 6163, — Am. Tribal Law-(1997). This is accomplished at hearing by introducing the testimony of witnesses and what physical evidence may be available. The presenting officer may call the parents to testify, however, they have the right not to be compelled to testify should they be concerned their testimony could incriminate them. CTC 5-2-160(b).
A temporary custody hearing was held in this matter. The court heard the testimony of the CFS case worker and that of the mother, Kammie Stanger. The father, Marcos Rosas, was incarcerated and unable to attend. The court concluded in its Findings of Fact that “there is enough evidence and testimony provided by CFS to grant the agency’s request for temporary custody”.
The trial court did not indicate -whether the standard of proof used to arrive at its conclusion was “a reasonable cause to believe” or by “clear, cogent, and convincing evidence”. The standard of proof for temporary custody determinations is “reasonable cause to believe” that a minor is in need of care. CTC 5-2-250(a)(b) or (c). We presume “reasonable cause to believe” is the standard used at the temporary custody hearing.
The different standards of proof used for the temporary custody hearing and the adjudicatory hearing are necessary because of the exigencies of the initial proceedings and the significance ramifications of removing children from their parents. A hearing must be held for each event at which testimony is provided and demonstrative evidence admitted.
After each hearing the trial court judge should enter Findings of Fact and Conclusions of Law. These are necessary for a reviewing court to determine, in the case of appeal, the facts upon which the judge made his decision and whether he has abused his discretion or made an error of law.
No adjudicatory hearing was held in this matter. The trial court judge in his Order of Adjudication relied “on the record and applicable law” in determining “it is in both minor children’s interest that they remain in the care, custody, and control of the Colville Tribal Children and Family Services”.
By reviewing the Findings of Fact and Conclusions of Law in the Order of the Adjudicatory Hearing we should be able to make a direct correlation between the allegations in the Petition and the proof of said allegations at the Adjudicatory Hearing. Weber v. CFS, 8 CCAR 32, 4 CTCR 23, 32 ILR 6139 (2005). When intervention is sought, it is the Trial Court’s duty to (1) make a complete record of why the intrusion is made, and (2) make a complete record of why the disposition, that is, the solutions to the problems iden *216 tified at the Adjudicatory Hearing, are necessary, as supported by the record. Weber, supra.
Relying “on the record and applicable law” of a prior proceedings as Findings of Fact in awarding “care, custody, and control” of the minor children without conducting an adjudication hearing was error by the trial court judge.

3. Whether the Findings and Conclusions were sufficient for the trial court judge to declare by clear, cogent, and convincing evidence that the children were minors in need, of care.

The trial court judge adjudicated the children as Minors in Need of Care based “on the record and the applicable law”. This statement does not inform the parties nor the reviewing appellate court of the facts upon which he based his adjudication.
As noted, the standard of proof in a temporary custody hearing is “reasonable cause to believe”. The purpose of a temporary custody hearing is to determine whether there is a need to temporarily continue custody of children who have been taken from a family because of the inability or unwillingness of a parent to provide adequate care. A trial court judge cannot apply this standard of proof to adjudicate a child as a minor in need of care.
We find the Findings and Conclusions entered for the Order from Adjudication Hearing to be insufficient on their face. We further find that the trial court judged erred in applying a lesser standard of proof in adjudicating the children as Minors in Need of Care.
CONCLUSION
THEREFORE IT IS ORDERED that the Trial Court default order adjudicating the minor children as minors-in-need-of-care is VACATED and that an adjudicatory hearing be held to hear evidence and testimony that allows the trial judge to make an informed decision regarding whether the minor children should be declared minors-in-need-of-care.

. 5-2-261. Adjudicatory Hearing-Proof. The Juvenile Court shall hear testimony concerning the circumstances which gave rise to the complaint. If the allegations of the petition are sustained by proof that is clear, cogent, and convincing, the Juvenile Court shall find the minor to be a minor-in-need-of-care and proceed to the dispositional hearing. A finding that a minor is a minor-in-need-of-care constitutes a final order for the purpose of appeal.