# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ABHA HARTING AND JOHN JERROLD HORVATH,<br><br>              Respondent,<br><br>       v.<br><br>INTERNATIONAL AUTO AND BAZAAR, a limited liability company; MANINDER PAL S. DAHB and JANE DOE DAHB, husband and wife, and the marital community composed thereof,<br><br>              Appellants.<br><br>GAGANDEEP BAINS and JANE DOE BAINS, husband and wife, and the marital community composed thereof; and GERSON MANUEL G. WAY and JANE DOE WAY, husband and wife, and the marital community composed thereof,       Defendants. | DIVISION ONE<br><br>No. 85035-1-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — International Auto and Car Bazaar, LLC and Maninder Pal S. Dahb appeal the trial court's denial of a motion to vacate a default judgment entered against them and other defendants in a personal injury action.   The trial court did not err in concluding that Dahb's conduct did not substantially comply with the appearance requirement under the civil procedural rules and the appellants otherwise fail to establish a basis to vacate the judgment.  We affirm.

I

On April 21, 2016, Abha Harting and John Jerrold Horvath sustained serious injuries while travelling on Interstate 5 when a tire and wheel detached

from a vehicle travelling in the opposite direction, flew over the center divider, and struck their vehicle.

Almost three years later, on April 11, 2019, Harting and Horvath (collectively, Harting) filed a lawsuit. The complaint named as defendants International Auto and Car Bazaar, LLC (International Auto), the entity that purchased the other vehicle, a Mazda, at auction the month before the accident; Dahb and Gagandeep Bains, individuals who own and operate International Auto; and Gerson Manual G. Way, who allegedly purchased the Mazda a week before the accident.[1] The complaint alleged negligence and violation of the Consumer Protection Act, chapter 19.86 RCW.

In January 2020, after none of the defendants filed a notice of appearance or answered the complaint, Harting filed a motion seeking entry of an order of default. Harting supplied evidence that each of the defendants had been served with a copy of the summons and complaint and evidence indicating that no defendants were engaged in active military service. Harting mailed copies of the motion for an order of default to the addresses where Dahb and Baines had been personally served, and the envelope mailed to Bains was returned with a notation indicating that Baines's address did not have a mail receptacle. On February 5, 2020, the court entered an order of default.

More than two years later, on April 15, 2022, Harting filed a motion for entry of a default judgment.[2] Harting requested economic damages of

---

[1] According to the police collision report, an individual not named in the complaint, Mario Guillen Moran, was driving the Mazda at the time of the accident.

[2] In December 2021, the superior court clerk dismissed the case without prejudice, since more than 45 days had passed after the April 2020 trial date without entry of final orders. See

$196,455.29, non-economic damages of $300,000, and an award of attorney fees. In support of the motion, Harting supplied the police report, a Department of Licensing letter issued to International Auto, and documentary evidence to support the damages requested. Harting mailed the motion and notice of the hearing to all defendants.[3]

On May 2, 2022, the court entered findings of fact, conclusions of law, and a default judgment under CR 55(b) in favor of Harting. The court found, among other things, that the accident caused by the Mazda's airborne wheel caused serious injuries; that the Department of Licensing determined that International Auto failed to comply with certain statutes with respect to the sale and delivery of the Mazda; that a 2020 order of default was entered against all defendants; and that an expert reviewed the medical records and determined that the medical expenditures were reasonable, necessary, and directly related to the 2016 accident. Based on the documented medical expenditures, the court entered judgment in the amount of $196,455.29 and reserved ruling on Harting's request for attorney fees.

In June 2022, shortly after the trial court denied a motion filed by Harting for supplemental litigation costs, Dahb sent a letter to the trial court requesting a

---

King County Local Civil Rule (KCLCR) 41(b)(2)(A) (case is subject to dismissal without prejudice on clerk's motion without prior notice if not been disposed of within 45 days after scheduled trial date). Harting moved to vacate the dismissal because she believed the trial date had been stayed under measures in place during the COVID-19 pandemic. The court granted Harting's motion and set a new trial date.

[3] International Auto and Dahb point out that according to the declaration of service, Harting mailed notice of the motion for default judgment to Dahb and International Auto at the SeaTac address of the business, but used an incorrect zip code.

new court date.  Counsel then filed a notice of appearance on behalf of Dahb and International Auto.

In September 2022, International Auto and Dahb filed a motion to vacate the default judgment under CR 60(b)(1).[4]  They argued that although Dahb appeared in the proceeding, neither Dahb nor International Auto received proper notice of the default order or judgment.  In his declaration, Dahb stated:

> After I was served with the Summons and Complaint in this matter at my residence in April, 2019, and at the business in May, 2019, by legal messenger, I called the attorney who's [sic] phone number was on the summons.  I believe I spoke with Joseph Cunnane. I explained to him the circumstances surrounding the sale of the Mazda[.]  His response was "no problem, everything will be taken care of".  He also told me he would send me notice of future hearings.

Dahb maintained that he moved to a new residence in early 2020 and did not receive the notice mailed to his former address.  Dahb and International Auto further asserted that, because International Auto sold the Mazda before the accident, they had a meritorious defense to the claims.

Harting opposed the motion and, in an accompanying declaration, Harting's counsel confirmed his telephone contact with Dahb and Bains after service of the summons and compliant:

> The Defendants Dahb and Baines each called Plaintiffs' counsel once in April or May of 2019. They acknowledged that they had been served with the lawsuit. No representations were made to the Defendants.

---

[4] Under CR 60(b)(1) a court may grant relief from a final judgment or order based on "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment."

Following a hearing, the trial court denied the motion. International Auto and Dahb appeal.[5]

II

A default judgment may be set aside for good cause in accordance with CR 60(b).[6] CR 55(c)(1). We will not overturn a trial court's decision on a CR 60(b) motion to vacate unless it plainly appears that the trial court abused its discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

Default judgments are "generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits." Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). At the same time, we "value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules." Little v. King, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). As our Supreme Court has recognized, "litigation is inherently formal," and all parties "are burdened by formal time limits and procedures." Morin v.

---

[5] According to the Appellants' opening brief, Dahb is the "principal owner" and registered agent of International Auto. Defendants Bain and Way did not join in the motion to vacate and are not parties to this appeal.

[6] Although International Auto and Dahb sought to vacate both the order of default and default judgment, their motion was solely based on CR 60(b)(1) and they do not address the standard, here or below, for setting aside an order of default under CR 55(c)(1). See In re Est. of Stevens, 94 Wn. App. 20, 30, 971 P.2d 58 (1999) ("The Superior Court Civil Rules provide different standards for setting aside orders of default and default judgments."). To the extent that International Auto and Dahb specifically challenge the denial of their motion as to the 2020 order of default, the claim is unsupported by argument and we decline to address it.

Burris, 160 Wn.2d 745, 757, 161 P.3d 956 (2007). When balancing the competing policies, our primary concern is that a trial court's decision on a motion to vacate is "just and equitable." Little, 160 Wn.2d at 711.

CR 55(a)(3) provides, in relevant part, that "[a]ny party who has appeared in the action for any purpose shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion." It is long-established in Washington that a party is entitled to notice of a motion for default judgment where they substantially comply with the appearance requirements of CR 4, which may be satisfied informally.[7] Morin, 160 Wn.2d at 749; Tiffin v. Hendricks, 44 Wn.2d 837, 843-44, 271 P.2d 683 (1954) (notifying only opposing counsel of an appearance was sufficient to require notice of a motion for default); State ex rel. Trickel v. Superior Court of Clallam County, 52 Wash. 13, 14-15, 100 P. 155 (1909) (premature service of interrogatories established substantial compliance with appearance requirement and entitled the party to notice). If a default judgment is rendered against a party who was entitled to, but did not receive, notice, the judgment generally be will be set aside without further inquiry. Morin, 160 Wn.2d at 749, 754. We review questions of law de novo, including whether on undisputed facts an appearance has been established as a matter of law. Meade v. Nelson, 174 Wn. App. 740, 750, 300 P.3d 828 (2013).

---

[7] CR 4(a)(3) provides, in relevant part, that a "notice of appearance, if made, shall be in writing, shall be signed by the defendant or the defendant's attorney, and shall be served upon the person whose name is signed on the summons."

It is undisputed that all defendants were properly served with a summons and copy of the complaint and no defendants filed an answer or formally appeared in the case, but Dahb and Bains each placed a telephone call to plaintiff's counsel following receipt of the summons and complaint. International Auto and Dahb rely on Batterman v. Red Lion Hotels, Inc., 106 Wn. App. 54, 21 P.3d 1174 (2001), abrogated by Morin, 160 Wn.2d 745, and Colacurcio v. Burger, 110 Wn. App. 488, 41 P.3d 506 (2002), to argue that Dahb substantially complied with the appearance requirement when he communicated with Harting's counsel.

In Batterman, this court upheld a trial court order vacating a default judgment in favor of the plaintiff where the plaintiff and the defendant's agent engaged in a course of discussions for more than a year in an attempt to negotiate a settlement. 106 Wn. App. at 62. We held that acts are sufficient to constitute an informal appearance if they demonstrate "an intent to defend," even if those acts are not "directed towards the court." Batterman, 106 Wn. App. at 60-61. A year later, in Colacurcio, we relied on Batterman and affirmed another trial court order vacating a default judgment in favor of the plaintiff. As in Batterman, we upheld the trial court's conclusion that the defendant informally appeared through her agent, her insurance company, after the insurer engaged in months of settlement negotiations both before and after the litigation was filed. Colacurcio, 110 Wn. App. at 491, 497. In both cases, we observed that defendants who repeatedly attempted to obtain records to ascertain the value of the plaintiff's claim could not "'be assumed to have abandoned the possibility of

7

defense.'" Colacurcio, 110 Wn. App. at 496 (quoting Batterman, 106 Wn. App. at 62).

International Auto and Dahb fail to acknowledge that the law has changed. In Morin, our Supreme Court expressly rejected and abrogated the "doctrine of informal appearance" as developed in Batterman and applied in Colacurcio because the standard applied in those cases failed to measure substantial compliance with the appearance requirement against the fact that "litigation is a formal process." 160 Wn.2d at 749.

In Morin, the Supreme Court accepted review of three decisions on motions to vacate default judgments based on claims that the defendants' substantial compliance with the appearance requirement gave them a right to notice of the plaintiffs' motions for default. The Morin court concluded that, prelitigation communication alone is insufficient to constitute an appearance. 160 Wn.2d at 749, 757. And, addressing postlitigation contacts, the Morin court clarified that a defendant served with a summons and complaint "must do more than show intent to defend; they must in some way appear and acknowledge the jurisdiction of the court after they are served and litigation commences." 160 Wn.2d at 749. "Parties must take some action acknowledging that the dispute is in court before they are entitled to a notice of default judgment hearing." Morin, 160 Wn.2d at 757. In addressing the parameters of informal appearance, the Morin court identified types of postlitigation conduct which courts have recognized as substantially complying with the appearance requirement: (1) serving interrogatories on the plaintiff despite failing to file a formal notice of

appearance, (2) personally appearing in court in a marriage dissolution action to oppose a temporary restraining order, (3) serving a demand for security for costs, and (4) appearing on a bond in an unlawful detainer action. 160 Wn.2d at 755-56.

Dahb's conduct in this case does not resemble the extensive and ongoing communications in Batterman and Colacurcio, or the litigation activities described in Morin. In both Batterman and Colacurcio, the defendant's agents repeatedly sought documentation of the plaintiff's damages. Dahb, on the other hand, placed a single telephone call to plaintiff's counsel and allegedly explained the "circumstances surrounding the sale of the Mazda." According to Dahb's own account of the conversation, he communicated no clear intent to defend against Harting's legal claims. See Servatron, Inc. v. Intelligent Wireless Prods., Inc., 186 Wn. App. 666, 675, 346 P.3d 831 (2015) (courts "must examine whether a defendant's postlitigation conduct was designed to and, in fact, did apprise the plaintiff of the defendant's intent to litigate the case"). And under current law, a defendant must do more than manifest an intent to defend. A named party must not only acknowledge that a "*dispute* exists," but must take some action that acknowledges the existence of a dispute "*in court.*" Morin, 160 Wn.2d at 756. The record here is devoid of evidence that Dahb intended to participate in the litigation, assert a defense, or that he recognized the jurisdiction of the court.

The court did not err in concluding that Dahb failed to substantially comply with the appearance requirement.[8]

## III

International Auto and Dahb alternatively assert that the court was required to vacate the default judgment under CR 60(b) based on a meritorious defense to Harting's claims.

A party seeking to vacate a default judgment under CR 60(b)(1) must show that (1) substantial evidence supports at least a prima facie defense to the claim asserted by the opposing party; (2) the failure to appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) the moving party acted with due diligence after notice of the default judgment; and (4) the opposing party will not suffer substantial hardship if the default judgment is vacated. White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968). The factors "vary in dispositive significance as the circumstances of the particular case dictate." White, 73 Wn.2d at 352. Where the evidence supports a prima facie defense, the court will scrutinize more closely the reasons for failure to appear. Johnson v. Cash Store, 116 Wn. App. 833, 842, 68 P.3d 1099 (2003). If the moving party does not produce substantial evidence to support even a prima

---

[8] Even if Dahb substantially complied with the appearance requirement, he could only represent his own legal rights and interests. Washington law generally requires individuals appearing before the court on behalf of another party to be licensed to practice law. No On I-502 v. Wash. NORML, 193 Wn. App. 368, 372-73, 372 P.3d 160 (2016). It is well-established that an individual's right of self-representation does not apply to entities such as corporations and limited liability companies, even when there is a sole stakeholder in the entity. Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., 91 Wn. App. 697, 701, 958 P.2d 1035 (1998); Dutch Vill. Mall, LLC v. Pelletti, 162 Wn. App. 531, 539, 256 P.3d 1251 (2011).

facie defense, there is no reason for further proceedings. Pfaff v. State Farm Mut. Auto. Ins. Co., 103 Wn. App. 829, 834, 14 P.3d 837 (2000).

As evidence of their defense, International Auto and Dahb provided an application for vehicle title, a retail installment contract, and a Department of Licensing form to show that International Auto sold the vehicle shortly before the accident. Acknowledging that International Auto held title to the Mazda at the time of the incident, they asserted that "[t]itle and registration certificates are only rebuttable prima facie evidence of automobile ownership" and maintained that they could have sought dismissal of the plaintiff's claims because they did not control or possess the vehicle. See Wildman v. Taylor, 46 Wn. App. 546, 556-57, 731 P.2d 541 (1987) (certificates of registration and title of an automobile are "only prima facie evidence of ownership which could be rebutted" and "physical possession" is not "conclusive").

However, at most, this evidence provided a potential basis to challenge liability, not a prima facie defense. See Little, 160 Wn.2d at 704-05 (prima facie defense requires more than speculation regarding the existence of a defense). And while International Auto and Dahb contend on appeal that the complaint alleged no facts to support Dahb's personal liability, they identified no defense specific to Dahb below. We generally decline to consider arguments not presented to the trial court. See RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

Moreover, International Auto and Dahb wholly fail to address their failure to respond to the pleadings after being properly served. And they discuss the

11

factors of due diligence and substantial hardship only in reply. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."). On this briefing, we need not address the remaining White factors. See Rosander v. Nightrunners Transp., Ltd., 147 Wn. App. 392, 409, 196 P.3d 711 (2008) (affirming denial of motion to vacate where defendant failed to present a prima facie defense and failed to show excusable neglect without addressing secondary White factors); see also Brooks v. Univ. City, Inc., 154 Wn. App. 474, 479-80, 225 P.3d 489 (2010) (affirming refusal to set aside default order where court tenably concluded the defendant failed to show excusable neglect). International Auto and Dahb fail to meet their burden under White or establish an equitable basis to vacate the judgment. The trial court did not err.

We affirm.

_Dwyer, J._

WE CONCUR:

_Feldman, J._        _Smith, C.J._

12