**FILED**
**SEPTEMBER 2, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-1, | ) ) ) ) ) ) ) ) ) ) ) | No. 37687-7-III |
| Respondents, | ) ) | |
| v. | ) ) | |
| GEORGIA A. PLUMB; JOSHUA C. PLUMB; KAMERON F. PLUMB; and THE WORD CHURCH, | ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants, | ) ) | |
| ESTATE OF CARL PLUMB, DECEASED; UNKNOWN HEIRS AND DEVISEES OF CARL PLUMB, DECEASED;; CITIBANK, N.A.; ALSO ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

PENNELL, C.J. — Georgia A. Plumb, Joshua C. Plumb, Kameron F. Plumb, and The World Church (aka Rev. Georgia Plumb) (collectively the Plumbs) appeal a superior court order denying their motion to vacate a foreclosure order. We affirm.

BACKGROUND

In 2017, this court addressed an appeal between the parties regarding an order of foreclosure issued after summary judgment. *U.S. Bank Nat'l Ass'n v. Plumb*, No. 34615-3-III (Wash. Ct. App. Dec. 14, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/346153_unp.pdf. In the superior court litigation, the Plumbs argued U.S. Bank lacked standing to initiate foreclosure proceedings because the bank did not possess the applicable promissory note on the date it filed suit. We disagreed, explaining the Plumbs lacked sufficient evidence that U.S. Bank did not hold the note. The Plumbs unsuccessfully sought review of our decision in both the Washington Supreme Court, 190 Wn.2d 1010 (2018), and United States Supreme Court, 139 S. Ct. 227, *reh'g denied*, 139 S. Ct. 587 (2018). A mandate was issued from this court on April 19, 2018.

U.S. Bank proceeded with foreclosure proceedings in superior court. Five months after the superior court issued an order confirming sale of the subject property, the Plumbs moved to vacate under CR 60(b)(5). The Plumbs again asserted U.S. Bank

No. 37687-7-III
*U.S. Bank Nat'l Ass'n v. Plumb*

lacked standing to proceed with foreclosure. According to the Plumbs, the lack of

standing divested the superior court of subject matter jurisdiction, thereby rendering

the court's order void. The trial court denied the motion to vacate. The Plumbs appeal.

ANALYSIS

The trial court did not abuse its discretion[1] in denying the motion to vacate.

Alleged defects in standing do not deprive superior courts of jurisdiction over forfeiture

proceedings. *In re Estate of Reugh*, 10 Wn. App. 2d 20, 57, 447 P.3d 544 (2019), *review*

*denied*, 194 Wn.2d 1018, 455 P.3d 128 (2020) ("[I]n Washington, a plaintiff's lack of

standing is not a matter of subject matter jurisdiction."); *Deutsche Bank Nat'l Tr. Co. v.*

*Slotke*, 192 Wn. App. 166, 171, 367 P.3d 600 (2016) (superior courts have jurisdiction

over foreclosure actions). The Plumbs therefore lacked a basis to void the superior court's

order.

CONCLUSION

The order on appeal is affirmed. The Plumbs' request for fees and costs is denied.

---

[1] "This court generally reviews a trial court's decision to deny a motion to vacate judgment for abuse of discretion." *Castellon v. Rodriguez*, 4 Wn. App. 2d 8, 14, 418 P.3d 804 (2018). "However, there is a nondiscretionary duty on the trial court to vacate a void judgment." *Id*. This court reviews "de novo whether a judgment is void." *Id*.

No. 37687-7-III
*U.S. Bank Nat'l Ass'n v. Plumb*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____, J.
Siddoway, J.

_____, J.
Fearing, J.

4