IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ADAM QAMAR; SEATTLEBAY LLC, | No. 86883-7-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| YAROSLAV VIKTOROVICH KUTSY, | |
| Appellant. | |

YAROSLAV VIKTOROVICH KUTSY,

Counter-Claimant,

v.

MUHAMMAD ADAM QAMAR, aka ADAM QAMAR; and SEATTLEBAY LLC, a Washington State limited liability company,

Counter-Defendants.

YAROSLAV VIKTOROVICH KUTSY,

Third-Party Plaintiff,

v.

MUHAMMAD EMAD QAMAR; and SEATTLEBAY CONSULTING GROUP LLC, a Washington State limited liability company,

Third-Party Defendants.

CHUNG, J. — Adam Qamar and SeattleBay LLC (collectively, Qamar) filed various claims against Yaroslav Kutsy arising from a business relationship between the parties. Kutsy filed counterclaims. Qamar subsequently sought summary judgment on their claims and to dismiss Kutsy's counterclaims, and Kutsy moved to continue the hearing. The trial court continued the hearing on Qamar's summary judgment motion, but ordered Kutsy to pay Qamar $1,500 by a specified date and noted that if Kutsy failed to pay by that date, it would grant the summary judgment motion as a matter of law. Kutsy failed to comply with the order to pay Qamar by the specified date, and the trial court granted summary judgment in favor of Qamar. The trial court also ordered Kutsy to pay Qamar attorney fees and costs. We affirm the trial court's grant of summary judgment and fees to Qamar and deny Qamar's request for attorney fees on appeal.

## FACTS[1]

In 2018, Adam Qamar and his brother Muhammad formed SeattleBay LLC, a business that acted as the bailee of merchandise purchased by customers from places such as Amazon and eBay. Kutsy was Adam Qamar's former brother-in-law and provided some services for SeattleBay, including handling inventory.

In June 2020, Qamar and SeattleBay LLC filed a complaint against Yaroslav Kutsy seeking an injunction, a writ of replevin, and monetary damages. Kutsy filed an answer to the complaint along with counterclaims alleging breach of contract, breach of fiduciary duties, declaratory relief, and breach of employer obligations.[2] In December

---

[1] The record does not include a verbatim report of proceedings.

[2] Also, in his answer, Kutsy filed a third-party complaint against Muhammad Emad Qamar and SeattleBay Consulting Group LLC. However, Qamar contends that service was never effected on those parties. Nevertheless, those third-party claims are not the basis of this appeal.

2022, Qamar filed a CR 41 motion to dismiss Kutsy's counterclaims for a lack of prosecution. Kutsy opposed the motion, arguing that under CR 41(b)(1), "[i]f the case is noted for trial before the hearing on the motion, the action shall not be dismissed," and stating that on January 10, 2023, he had filed a notice of trial setting. The court denied Qamar's motion to dismiss, and trial was set for July 17, 2023.

In March 2023, Qamar filed an amended complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with business expectancy, violation of the Uniform Trade Secrets Act, misappropriation of trade secrets, violations of the Washington Consumer Protection Act, and defamation. Subsequently, Kutsy's counsel withdrew.

On June 14, Qamar filed a motion for partial summary judgment, seeking to dismiss all of Kutsy's counterclaims against him and asking the court to grant summary judgment in his favor on his claims against Kutsy. On June 23, Kutsy filed a motion to continue trial. Subsequently, on July 11, Kutsy filed a motion to continue the hearing for Qamar's motion for partial summary judgment until October 13, 2023, so he could retain counsel. On July 14, the court ordered that the hearing on Qamar's motion for summary judgment be continued until August 11, 2023. However, the trial court also ordered Kutsy to "pay $1,500 to [Qamar] on or before July 28, 2023," and further ordered that if Kutsy failed "to pay the $1,500 by July 28, 2023, [Qamar's] Motion for Summary Judgment will be granted as a matter of law."[3]

---

[3] The trial court's order does not explain why it ordered Kutsy to pay Qamar $1,500. However, in Qamar's reply that was considered by the July 14 court, Qamar alleges that Kutsy's response to his motion for partial summary judgment should be struck because it was not properly served, it violated CR 56 because relevant documents were provided only three days before the hearing, and Kutsy failed to note the motion properly. And Kutsy's motion for reconsideration, indicates these fees were attributable to costs Qamar incurred in filing for summary judgment.

It is undisputed that Kutsy did not pay Qamar $1,500 by July 28. However, on July 31, Kutsy filed a response opposing Qamar's motion for summary judgment, and on August 7, Qamar filed a reply.

On August 15, the trial court found that Kutsy had failed to comply with its July 14 order and granted summary judgment in favor of Qamar, dismissing Kutsy's claims and affirmative defenses with prejudice. The trial court also granted Qamar's claims, reserved "[a]ll other issues, including but not limited to damages," and awarded Qamar attorney fees and costs. On August 25, Kutsy filed a motion for reconsideration arguing that Qamar's motion for summary judgment was untimely and that "the sanction ha[d] no identified economic basis since the court re-set the summary judgment hearing date." The trial court denied Kutsy's motion for reconsideration and ordered Kutsy to pay attorney fees and costs to Qamar for responding to the motion.

On October 30, the trial court awarded Qamar attorney fees and costs in the amount of $48,457.63, explaining that the award was "based on a reasonable hourly rate and a reasonable number of hours for the representation of [Qamar] in this action given the circumstances of this litigation." Subsequently, on May 24, 2024, the trial court entered judgment against Kutsy based on its August 15 and October 20 orders.

Kutsy, representing himself pro se, timely appeals.

DISCUSSION

On appeal, Kutsy challenges the trial court's decision to grant summary judgment in favor of Qamar, alleging that it was an improperly entered sanction. He also challenges the trial court's award of attorney fees and costs to Qamar and the entry of

4

judgment against him.[4]

I.      Standard of Review

We review orders granting summary judgment de novo. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). This requires the reviewing court to consider "the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." Id. Summary judgment is appropriate when "there is no genuine issue as to any material fact," meaning the moving party is entitled to judgment as a matter of law. CR 56(c). A "material fact" is one that impacts the outcome of the litigation. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). Further, there is a genuine issue of material fact when "the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Keck, 184 Wn.2d at 370.

The party moving for summary judgment has the initial burden of showing the absence of an issue of material fact. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A defendant moving for summary judgment can submit affidavits to demonstrate that no issue of material fact exists or can point out that the plaintiff lacks competent evidence to support an essential element of their case. Id. at 225 & n.1, 226. When the moving party is the defendant and the defendant-movant satisfies the initial burden, the burden then shifts to the plaintiff. Id. at 225. The plaintiff must sufficiently demonstrate "the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial." Id. The failure to make such showing will result in the trial court granting summary judgment. Id.

---

[4] Kutsy's notice of appeal also includes the September 20, 2023 – Order Denying Defendants' Motion for Reconsideration. However, he does not assign error to this order or provide argument.

Additionally, we review a trial court's award of attorney fees for an abuse of discretion. Boeing Co. v. Sierracin Corp., 108 Wn.2d 38, 65, 738 P.2d 665 (1987). A trial court abuses its discretion when a decision is manifestly unreasonable, or based on untenable grounds or untenable reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

II.    Summary Judgment

Kutsy challenges the trial court's decision granting Qamar's motion for summary judgment dismissing his counterclaims and granting Qamar's claims, arguing that it was a sanction that prevented him from responding on the merits. As an example of a court setting aside a judgment to allow the parties to litigate the merits, Kutsy cites to Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954). There, the trial court dismissed the defendants' motion to vacate a default judgment against them related to a breach of contract claim, and on review, the Washington Supreme Court held that when default judgment is rendered against a party that was entitled to, but did not receive notice, the judgment will be set aside. Id. at 837-38. Kutsy further notes that " '[t]his court has long favored resolution of cases on their merits over default judgments. Thus, we will liberally set aside judgments pursuant to CR 55(c) and CR 60 and for equitable reasons in the interests of fairness and justice,' " citing Morin v. Burris, 160 Wn.2d 745, 749, 161 P.3d 956 (2007).[5] However, both Tiffin and Morin dealt with default judgments pursuant to CR 55(c), whereas the present case involves a grant of summary judgment pursuant to CR 56.[6]

---

[5] In his brief, Kutsy misattributes this quote to Tiffin, but it is from Morin.

[6] A default judgment is entered when a party fails to plead or defend a claim against them. See CR 55. By contrast, CR 56(c) allows an opportunity for the party opposing a summary judgment motion to

Qamar filed his motion for partial summary judgment on June 14 and noted it for hearing on July 14, three days before the scheduled trial date of July 17. CR 56(c) requires a party opposing a motion for summary judgment to respond 11 days before the scheduled hearing. On June 23, Kutsy filed a motion to continue the trial, but did not timely file a response to Qamar's motion for summary judgment. Instead, on July 11, Kutsy filed a motion to continue the hearing on summary judgment.

On July 14, the trial court continued the hearing on Qamar's motion for summary judgment to August 11. At that point, the record does not show that Kutsy had filed any response to Qamar's motion. Kutsy states in his brief that "the court ordered Kutsy to pay $1,500.00 to plaintiff's counsel to compensate Qamar for the fees and costs incurred in connection with their motion for summary judgment," but cites only to the court's order, which does not include any explanation about the reason for the payment. Instead, the order states "if Defendant fails to pay the $1,500.00 by July 28, 2023, Plaintiffs' Motion for Summary Judgment will be granted as a matter of law, and an order may be submitted to the undersigned judge Ex Parte." The court had authority to strike a late filing or impose another remedy, including terms,[7] but the appellate record does not provide the court's reasoning for ordering Kutsy to pay $1,500.

Nonetheless, Kutsy does not assign error on appeal to the trial court's July 14 order requiring that he pay $1,500. When a party fails to assign error to a trial court order and fails to address the issues in their briefing, it waives the right to appeal that

___

respond, and a court may enter summary judgment if it determines, based on the evidence presented by both parties, that there is no genuine issue as to a material fact. CR 56(c).

[7] Snohomish County Local Civil Rule (SCLCR) 56 requires a party to comply with SCLCR Rule 7, which provides that a late filing may be stricken by the court, but that if the court allows the filing it may "continue the matter or impose other appropriate remedies including terms, or both." Further, CR 56(e) provides that if a party opposing summary judgment fails to respond, then summary judgment may be entered against that party.

issue. State v. Olson, 126 Wn.2d 315, 321, 893 P.2d 629 (1995). We hold pro se litigants to the same standard as attorneys. Winter v. Dep't of Soc. & Health Servs. on behalf of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020).

In any case, we need not address whether the trial court could properly grant summary judgment in favor of Qamar solely for Kutsy's failure to comply with the July 14 order's payment requirement, because by August 15, when the trial court granted the summary judgment motion, it had received full briefing by the parties. Its order identified all the pleadings it had reviewed, including its July 14 order, Qamar's June 14 motion for summary judgment, declarations of Qamar and Farnoosh Faryabi in support of Qamar's motion for summary judgment, Kutsy's response, and Qamar's reply.

On appeal of a grant of summary judgment, our review is de novo, and we may affirm a summary judgment order on any basis that is supported by the record. Davidson Serles & Assocs. v. City of Kirkland, 159 Wn. App. 616, 624, 246 P.3d 822 (2011). On appeal, the appellant has the burden to provide argument on the relevant issues, RAP 10.3(a)(6), as well as to provide a record for the appellate court to review, including the designation of clerk's papers, RAP 9.6(a) and the verbatim report of proceedings, RAP 9.5(a). See also View Ridge Estates Homeowners Ass'n v. Guetter, 30 Wn. App. 2d 612, 637, 546 P.3d 463 (2024) (noting that the party seeking review has the burden of perfecting the record). Yet here, the appellate record contains only the summary judgment briefing, but no supporting evidence. Moreover, Kutsy fails to provide argument on the merits of the summary judgment motion. A party may not "incorporate, by reference, trial court briefs into appellate briefs," and such attempts will render the argument abandoned. Mine Holding Tr. v. Pavlish, 32 Wn. App. 2d 727, 739-

8

40, 559 P.3d 517 (2024). Thus, we conclude that Kutsy has not provided any basis for reversal of the trial court's grant of summary judgment as a matter of law in favor of Qamar.

III.     Attorney Fees

On October 30, the trial court entered an order granting Qamar attorney fees and costs in the amount of $48,457.63, which it explained was "based on a reasonable hourly rate and a reasonable number of hours for the representation of [Qamar] in this action given the circumstances of this litigation." Kutsy contends that the trial court abused its discretion in ordering him to pay Qamar's attorney fees and costs.[8] However, Kutsy does not provide argument as to how the trial court abused its discretion, nor does he cite to any relevant authority to support his challenge. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 819, 828 P.2d 549 (1992) (explaining that an appellate court need not consider arguments unsupported by authority). And, as Qamar points out, Kutsy does not assign error to or challenge the reasonableness of the trial court's award. Therefore, under RAP 10.3, Kutsy provides no basis for us to reverse the trial court's award of attorney fees to Qamar as an abuse of discretion.

Separately, Qamar seeks appellate attorney fees and costs under RAP 18.1. Under RAP 18.1, a party can recover attorney fees on appeal, "[i]f applicable law grants" such recovery. The party requesting appellate fees must also "provide argument and citation to authority 'to advise the court of the appropriate grounds for an award of

---

[8] Washington law provides that a party seeking attorney fees must demonstrate that the fee is reasonable. Scott Fetzer Co. v. Weeks, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). This requires that party to provide "reasonable documentation of the work performed" and although it need not "be exhaustive or in minute detail, [it] must inform the court [or arbitrator], in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work." Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

attorney fees as costs.' " <u>Robinson v. Am. Legion Dep't of Wash., Inc.</u>, 11 Wn. App. 2d 274, 298, 452 P.3d 1254 (2019) (quoting <u>Stiles v. Kearney</u>, 168 Wn. App. 250, 267, 277 P.3d 9 (2012)). A prevailing party[9] is entitled to appellate attorney fees when " 'there is a contract, statute, or recognized ground in equity,' " that provides for such award. <u>Umpqua Bank v. Shasta Apts., LLC</u>, 194 Wn. App. 685, 699, 378 P.3d 585 (2016) (quoting <u>Thompson v. Lennox</u>, 151 Wn. App. 479, 491, 212 P.3d 597 (2009)).

As a basis for awarding him appellate attorney fees "as part of the cost of litigation," Qamar cites to <u>Umpqua Bank</u>, where there was a contractual provision that permitted the prevailing party to obtain appellate attorney fees. 194 Wn. App. at 700. However, unlike in <u>Umpqua Bank</u>, where there was a contractual provision, here, Qamar requests fees "based on the trial court's order granting the same," but has failed to cite to any statute, contract, or ground in equity that entitles him to appellate attorney fees. Therefore, we decline to award Qamar attorney fees.

Affirm summary judgment and deny Qamar attorney fees.

_____
Chung, J.

WE CONCUR:

_____                    _____
Birk, J.                                         Mann, J.

---

[9] A prevailing party or a substantially prevailing party is one that "receives judgment in its favor at the conclusion of the entire case." <u>Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc.</u>, 160 Wn. App. 728, 739-40, 253 P.3d 101 (2011).